A94A2367. McLEOD v. PRUCO LIFE INSURANCE COMPANY et al.
(449 SE2d 895)

McMURRAY, Presiding Judge.

Plaintiff Kermit McLeod brought this action against defendant Insignia Management Group and its insurer, defendant Pruco Life Insurance Company, alleging that on May 16, 1991, "Joan F. Chernekau [sic], as agent for [defendants], directed the City of Atlanta Police Department to arrest plaintiff for theft by taking of . . . $561 in cash . . ." from the management office of the apartment building where plaintiff was employed. "Plaintiff was arrested, handcuffed and taken to the Atlanta City Police Department where he was interrogated and subsequently released." After a hearing in the Atlanta Municipal Court, "the prosecution was terminated in favor of the plaintiff because there was no probable cause . . . [for plaintiff's arrest]." Defendants denied the material allegations and, after a period of discovery, moved for summary judgment on the ground that plaintiff's arrest was the independent decision of the police officer, Detective Ron K. English.

Viewed in the light most favorable to plaintiff as the non-movant, the record shows that Ms. Joan Schernekau, Ms. Tanya Smith, and plaintiff worked for Brookwood Valley Apartments. These apartments are owned by defendant Pruco Life Insurance Company and managed by defendant Insignia Management Group, L. P. At all pertinent times, Ms. Schernekau was the office manager of Brookwood Valley Apartments, Ms. Smith was a leasing agent, and plaintiff was a porter. On May 16, 1991, Ms. Smith reported to Ms. Schernekau that $561 in cash was missing from her desk. All employees, plaintiff included, emptied their pockets but the cash was not recovered. Ms. Schernekau reported this loss to the police the next day. At deposition, plaintiff testified that he was interviewed at work by two (unnamed) detectives from the Atlanta Police Department, one week after the theft was discovered. During this interview, Ms. Schernekau approached one of the officers. Plaintiff overheard her as she queried whether plaintiff would be "[taken] to jail or [given] a subpoena[, saying,] It couldn't have been no one else but him. . . . Either you give him a subpoena or take him to jail anyway because he's leaving [defendant's apartment] complex today." When this officer returned, "[h]e handcuffed [plaintiff] and walked [him] out the door." Plaintiff "asked why [and was told]: Because Joan said it couldn't have been no one else but you, directly to jail, do not pass go, do not get $200." However, plaintiff conceded that "no one from Brookwood accused [him] directly nor [had he heard] from anyone else that anyone from Brookwood accused [him]."

In support of their motion for summary judgment, defendants introduced the affidavit of the arresting officer, Detective Ron K. English of the Atlanta Police Department. He deposed that Ms. Joan Schernekau and Ms. Tanya Smith reported to him that a deposit of $561 had been left in Ms. Smith's office and that while these two "were outside the office in the front of the apartments, . . . they observed Mr. McLeod coming from the back office area where [Ms. Smith's] office is situated." According to Detective English, "[t]he gist of both [witnesses'] statements indicated that it seemed to Ms. Smith and Ms. Schernekau that no one, other than plaintiff, had access to the missing money between the time it was last seen and the time it was discovered missing." Nevertheless, "[a]t no time did Ms. Smith or Ms. Schernekau or anyone from Brookwood Valley Apartments ever directly accuse [plaintiff] of taking the money, nor did they unduly influence me to charge [plaintiff] or prosecute him." Finally, Detective English deposed that "[t]he decision to charge [plaintiff] was made by [Detective English] acting independently in [his] profession as an investigator based upon [his] experience combined with the facts as revealed to [him] by the witnesses and the circumstantial evidence which indicated that [plaintiff] had been the only person who

had access to the funds [at the pertinent times]." In a subsequent affidavit, Detective English deposed that "[he] would not have arrested [plaintiff] were it not for the statements of Ms. Schernekau and Ms. Smith that [plaintiff] was the only person who had access to the money at the time of the theft." Ms. Schernekau testified that, "[i]t was a police decision [to arrest plaintiff]." She conceded the possibility "that someone could have come in the side door and taken the money without [her] seeing them" although she thought that "would have been very difficult. . . ." The charge against plaintiff was dismissed, upon a determination that there was no probable cause, after a hearing at which Ms. Smith and Ms. Schernekau testified that the office had been unlocked during the period in question.

The trial court granted defendants' motion for summary judgment and this appeal followed. *Held*:

1. In related enumerations, plaintiff contends the trial court erred in granting summary judgment, arguing that it is a jury question whether Ms. Schernekau "urged the police to arrest Plaintiff [based on false information] and [whether] the police officer's ultimate decision to arrest was based upon false information. . . ."

" 'Where a criminal process, valid on its face, has been maliciously sued out without probable cause, an action for malicious arrest or malicious prosecution is the only remedy.' *Grist v. White*, 14 Ga. App. 147 (2) (80 SE 519) (1914)." *Gillilan v. Still*, 199 Ga. App. 118 (1), 119 (404 SE2d 445). See also OCGA § 51-7-1. " 'The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. . . . [T]he initiation of the criminal action need not be expressly directed by the party to be held liable. *Webb v. Prince*, 62 Ga. App. 749, 752 (9 SE2d 675) (1940).' *Ginn v. C. & S. Nat. Bank*, 145 Ga. App. 175, 178 (243 SE2d 528) (1978)." *Melton v. LaCalamito*, 158 Ga. App. 820, 822 (2a) (282 SE2d 393).

In the case sub judice, plaintiff's testimony would authorize a finding that defendants' agents did somewhat more than objectively report the facts they observed. Nevertheless, any factual issue generated by evidence that Ms. Schernekau indirectly urged Detective English to give plaintiff a subpoena or else take to him to jail is rendered immaterial by Detective English's uncontradicted testimony that the decision to arrest plaintiff was made solely by him in the exercise of his professional judgment, and independently of any exhortations by defendants' agents. His subsequent statement that he would not have arrested plaintiff had he not been told of the circumstances by Ms. Schernekau and Ms. Smith does not contradict his earlier statement as to the exercise of his professional judgment. This evidence affirma-

tively shows the absence of any causal link between those acts attributable to defendants and the decision to arrest plaintiff. "[Detective English's uncontradicted] statement of fact relieved [defendants] of potential liability for malicious prosecution. [Cit.]" *Huff v. Household Intl.*, 184 Ga. App. 296 (2) (361 SE2d 273). Accord *Tench v. Turner*, 201 Ga. App. 156, 157 (1) (410 SE2d 357). Consequently, the trial court correctly granted defendants' motion for summary judgment.

2. Plaintiff's three remaining enumerations have been considered and are found to have been rendered moot by our disposition in Division 1.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 27, 1994 — RECONSIDERATION DENIED NOVEMBER 10, 1994 — 

*Nick Long & Associates, Darryl S. Marmon*, for appellant.
*Carter & Ansley, Thomas E. Magill, Keith L. Lindsay*, for appellees.