A95A1581. JACOBS v. SHAW et al.
(465 SE2d 460)

BEASLEY, Chief Judge.

Jacobs appeals the grant of summary judgment by the trial court in favor of defendants Shaw and Wallace Enterprises. Garrett Jacobs and his wife, Elizabeth, stopped at the Wallace Texaco station in Duluth to purchase gasoline. As Elizabeth was filling the gas tank, it appeared to her that while the advertised price was below $1 per gallon, the pump was recording a price over that amount. She asked her husband to resolve the discrepancy by having the clerk check the pump when he went in the store to pay.

Jacobs presented his Texaco credit card for payment to Shaw, the manager and only Wallace employee on duty, and asked that she inspect the pump. Shaw processed Jacob's card through the credit card machine and presented him with a receipt for $15.25 for his signature. Jacobs refused to sign unless Shaw agreed to check the pump to determine if it was functioning properly.

There is conflicting evidence as to what occurred next: Shaw deposed that she informed Jacobs she would check the pump as soon as she finished with other customers. Jacobs maintains that she simply ignored his request. Shaw claims that Jacobs began shouting obscenities and cursing and then pushed her. Shaw claims she insisted she would call the police if he refused to sign the credit card slip. Jacobs maintains that Shaw became irate and belligerent and, referring to him as a "damn Yankee," poked her finger in his chest several times.

Jacobs left without signing the slip, and Shaw telephoned the police and her supervisor at Wallace. A police officer arrived on the scene, and Shaw gave him an oral and then written statement of her

version of the events. After the police left, Shaw's supervisor instructed her to reverse Jacob's gasoline charge on his Texaco account.

The police officer telephoned Jacobs later that day and reviewed a report from the state regulatory agency that had determined the pump in question was working properly. He then determined that probable cause existed for an arrest and swore out a warrant for Jacobs. Four days later, police arrested Jacobs for theft of the gasoline and simple battery. He was held in jail for approximately five hours, until his wife had him released on a property bond. Some months later, the solicitor's office dropped the charges. Jacobs sued Shaw and Wallace Enterprises exactly a year and a day after the incident, alleging false arrest, malicious prosecution, false imprisonment, intentional infliction of emotional distress, and slander per se.

1. Jacobs contends that, as to his claims for false arrest, malicious prosecution, and false imprisonment, a material factual issue exists as to whether Shaw and Wallace made a false crime report which the police used as a basis for obtaining the arrest warrant. Although similar, the elements that must be proved for false arrest, malicious prosecution, and false imprisonment, and the circumstances which give rise to each, vary to some degree. OCGA §§ 51-7-1; 51-7-40; 51-7-20. See generally *Smith v. Embry*, 103 Ga. App. 375 (119 SE2d 45) (1961); *Reese v. Clayton County*, 185 Ga. App. 207 (363 SE2d 618) (1987); *Lowe v. Turner*, 115 Ga. App. 503 (154 SE2d 792) (1967). In each case, " ' "The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. . . . (T)he initiation of the criminal action need not be expressly directed by the party to be held liable. [Cit.]" [Cit.]' " *McLeod v. Pruco Life Ins. Co.*, 215 Ga. App. 177, 179 (1) (449 SE2d 895) (1994). Each cause of action may successfully be defended by an uncontroverted affidavit of the arresting officer that the decision to arrest plaintiff was made solely by him in the exercise of his professional judgment and independently of any exhortations by the defendants. Id.

The police officer in this instance provided an affidavit containing virtually the identical language cited above from *McLeod*. Jacobs argues that the officer's own affidavit contradicts this language in that he admits he would not have arrested Jacobs were it not for the statements of Shaw. The situation was identical in *McLeod*. The court there determined the admission by the officer did not contradict his earlier statement as to the exercise of his professional judgment. It is so in this case as well. Id.

Jacobs also argues the officer's affidavit is not uncontroverted, in that his decision to arrest was based on misrepresentations Jacobs al-

leges Shaw made to the officer in her statement. The issue is not whether Shaw's version is uncontroverted, but whether the officer's testimony that he used his own independent, professional judgment in making the decision to arrest is uncontroverted. Even if he relied on Shaw's statement as a factor in determining to swear out the warrant against Jacobs, the officer's affidavit makes clear that the basis for swearing out the warrant also included his on-scene investigation, the review of the report from the state regulatory agency noting the pump worked properly, his telephone conversation with Jacobs, and his experience as a police officer.

Judging the evidence in favor of Jacobs and giving him the benefit of every doubt and indulging every reasonable inference in his favor on the motion for summary judgment, as required under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence shows that summary judgment was proper on these issues.

2. Jacobs next cites as error the summary judgment on his claim for slander per se, brought pursuant to OCGA § 51-5-1 (a) (1), on the ground that it was time-barred. OCGA § 9-3-33 provides that a party has one year to bring a suit for slander, and the limitations period begins to run once the slanderous statement is uttered or "published." See *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654, 656 (3) (269 SE2d 867) (1980). A claim for slander is untimely if brought on the anniversary date of the alleged publication or thereafter. *Holliday v. Lacy*, 118 Ga. App. 341 (163 SE2d 750) (1968). Shaw reported the incident to the police officer on February 17, 1993. Jacobs filed suit on February 18, 1994. Consequently, he is time-barred as to any alleged slander occurring on or before February 18, 1993, including Shaw's oral report (February 17) and written report (either February 17 or 18; the record is conflicting).

Jacobs contends there is evidence in the record showing Shaw published statements relating to Jacobs' alleged criminal acts after that date, and any claims for slander relating to such statements would not be time-barred. His complaint does not allege any claims for slander as to these statements but only that "[i]n executing the warrant against [Jacobs] . . . , [Shaw] made oral statements to third parties, charging that [Jacobs] committed criminal acts."

Jacobs' complaint is subject to the requirements of OCGA § 9-11-8 (f) that pleadings be construed liberally and reasonably to achieve substantial justice consistent with the statutory requisites of the CPA. *Skelton v. Skelton*, 251 Ga. 631 (308 SE2d 838) (1983). Nonetheless, " '[w]hen the claim alleged is a traditionally disfavored "cause of action," such as malicious prosecution, libel, and *slander*, the courts tend to construe the complaint by a somewhat stricter standard. . . .' [Cit.]" (Emphasis supplied.) *Hatcher v. Moree*, 133 Ga. App. 14, 16 (1) (209 SE2d 708) (1974). Even a liberal interpretation of

the complaint fails to encompass claims for republication of slander that Jacobs has failed to plead.

3. Jacobs cites as error the grant of summary judgment on the issue of intentional infliction of emotional distress, arguing that defendants failed to address this issue in their original motion and brief and only later briefed the issue by letter. But defendants' motion requests complete, not partial, summary judgment on each count of the complaint. A party is not required to specify any count in a motion for summary judgment or the grounds upon which it relies. *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 675 (165 SE2d 179) (1968). Moreover, Georgia law gives a trial judge wide latitude to dispose of any and all claims in the interest of judicial economy, so that a judge may grant summary judgment to a party even if he does not request it. *Cruce v. Randall*, 152 Ga. App. 183, 184 (262 SE2d 488) (1979), aff'd 245 Ga. 669 (266 SE2d 486) (1980). A thorough examination of the record to ascertain whether judgment without trial was appropriate is not faulted.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 11, 1995 —

*Boyce, Ekonomou & Atkinson, Richard A. Carothers, Christopher J. Hamilton*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner, Dennis J. Webb, Jr.*, for appellees.