A00A1827. McCLELLAND v. COURSON'S 441 SOUTH STATION,
INC. et al.
(546 SE2d 300)

BLACKBURN, Chief Judge.
Glenda McClelland appeals the trial court's grant of summary judgment to Courson's 441 South Station, Inc. (Courson's) and Lee M. Courson in this malicious prosecution action. For the reasons set forth below, we reverse.

> When ruling on a motion for summary judgment, the opposing party must be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citations omitted.) *Hess v. Textron Automotive Exteriors.*[1]
Viewing the record in this light, the evidence shows the following. Courson's is a gas station in Douglas. On or about June 26, 1997, Courson's cashed a Georgia Department of Revenue check, payable to Rachelle Newton, for $470. On March 19, 1998, NationsBank notified Courson's that the $470 check was forged. NationsBank provided Courson's with a "form" affidavit, signed by Newton, which listed McClelland as the person that forged Newton's name. The affidavit offered no explanation as to why or how Newton knew it was McClelland who had forged her name.
Lee Courson, the secretary/bookkeeper at Courson's, deposed that she did not question any of the employees of the gas station to find out whether they remembered the transaction because of the

---

[1] *Hess v. Textron Automotive Exteriors*, 245 Ga. App. 264, 265 (1) (536 SE2d 291) (2000).

high rate of turnover at the gas station and the amount of time that had elapsed. Courson also did not attempt to contact Newton. Courson states that after talking to local law enforcement officers, she submitted the check and affidavit to the local magistrate judge, who issued a warrant for McClelland's arrest on May 1, 1998. The warrant contained an affidavit, signed by Courson, stating that McClelland forged Newton's name on the check.

Newton deposed that when she did not receive her $470 tax refund, she contacted the Georgia Department of Revenue and they informed her that the check had already been cashed. After seeing a copy of the cashed check, Newton realized that someone had forged her name. The Department of Revenue sent Newton a "form" affidavit to sign in order to receive a replacement check. Newton deposed that she named McClelland, one of her neighbors, as the forger because she assumed that the check had been accidentally delivered to McClelland's mailbox and she knew McClelland had been arrested for shoplifting. On June 5, 1998, the district attorney dismissed the case against McClelland "[f]or want of sufficient evidence to prosecute."

McClelland filed a complaint against Courson's, Lee Courson, and Newton,[2] alleging malicious prosecution and slander. Courson's and Lee Courson filed a motion for summary judgment on the malicious prosecution claim, which the trial court granted. The slander claim is still pending before the trial court and is not before us.

Initially, we note that malicious prosecution claims are ordinarily disfavored under Georgia law because "were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law and to discharge his duty to society, with the prospect of an annoying suit staring him in the face." (Punctuation omitted.) *McGonagil v. Treadwell.*[3] A claim for malicious prosecution involves "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted." OCGA § 51-7-40; *Tate v. Holloway.*[4]

"Malice consists in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured." OCGA § 51-7-2. Malice may be inferred if a "defendant's acts were wanton or were done with a reckless disregard for or a conscious indifference to the rights of the plaintiff." *Bowen v. Waters.*[5]

"Malice sufficient to sustain a recovery may be inferred from the

[2] Newton is not a party to this appeal.
[3] *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995).
[4] *Tate v. Holloway*, 231 Ga. App. 831, 833 (499 SE2d 72) (1998).
[5] *Bowen v. Waters*, 170 Ga. App. 65, 67 (2) (316 SE2d 497) (1984).

want of probable cause." *Fleming v. U-Haul Co.*[6] " 'The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution, he may be liable for failure to do so.' " *Melton v. LaCalamito.*[7]

Conceding that Lee Courson did not act with personal spite, McClelland argues that Courson acted maliciously because she relied upon the bare allegations in Newton's affidavit and did not conduct any independent investigation of the incident. We agree.

Lee Courson relied on the bare allegations in Newton's "form" affidavit without taking any steps to verify the information in it. Courson presented no evidence that she attempted to contact Newton to find out why she had named McClelland as the forger. Courson's excuse for not questioning her employees — the high rate of turnover and the amount of time elapsed — is self-serving. Courson's claim that she consulted with law enforcement officers before going to the magistrate is unavailing. Courson's failure to investigate the underlying facts raises a jury question as to the reasonableness of her conduct, and any discussion with a law enforcement officer does not change that fact.

We cannot conclude, as a matter of law, that the affidavit appeared reliable such that no further investigation was warranted. See *Melton*, supra. Thus, a jury issue exists, and summary judgment was not appropriate.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 21, 2001 — 

*Betty Walker-Lanier*, for appellant.
*James D. Hudson*, for appellees.

---

[6] *Fleming v. U-Haul Co.*, 246 Ga. App. 681, 684 (3) (541 SE2d 75) (2000).
[7] *Melton v. LaCalamito*, 158 Ga. App. 820, 824 (2) (b) (282 SE2d 393) (1981).