## A05A0378. TURNER v. THE STATE.
(615 SE2d 603)

ADAMS, Judge.

Following a bench trial, Willie B. Turner was convicted of theft by taking, aggravated assault, and making a terroristic threat. On appeal, he contends the evidence was insufficient to support the convictions.

Construed in favor of the trial court's decision, the evidence shows that Turner's brother Raleigh confronted Turner about some gas cans that he was missing. Turner admitted having taken the cans. During an ensuing argument, Turner retrieved a machete and raised it in the air in front of his brother in an attempt to scare him or strike him. Raleigh was frightened and ran. Raleigh denied provoking the attack, having a weapon himself, or threatening his brother. Turner then threatened his brother and sister at the same time by saying that if either called the sheriff he would return and kill them "when he got out."

1. "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. Evidence was presented to show that Raleigh told Turner not to take his gas but that Turner did anyway. "[R]egardless of whether an individual intends to take another's property and withhold it permanently, 'his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft.' [Cit.]" *Tate v. Holloway*, 231 Ga. App. 831, 834 (499 SE2d 72) (1998). The evidence was sufficient.

2. One way to commit aggravated assault is by using a device capable of serious bodily injury to place another in reasonable apprehension of immediately receiving a violent injury. OCGA §§ 16-5-20; 16-5-21. Evidence was presented to show that Turner threatened his brother with a machete and that his brother was frightened and ran. The evidence was sufficient.

3. "A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). Two witnesses testified that Turner simultaneously threatened to kill them. The evidence was sufficient.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 6, 2005.

*J. Christopher NeSmith*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupé, Sarah M. Peacock, Assistant District Attorneys*, for appellee.