## 32390. TURNER v. LASHLEY.

NICHOLS, Chief Justice.

The question presented by this case is whether Upson County Vocational Technical School is "above the high school level" within the meaning of Code Ann. § 32-903.1, and thereby exempt from the coverage of that statute. That Code section provides in pertinent part that "[n]o

person employed by or serving on the board of any other public school system shall be eligible to serve as a member of a county board of education . . . Provided that this section shall not apply to institutions above the high school level."

Appellant filed an information in the nature of a quo warranto in Lamar Superior Court alleging that the appellee, who had recently attained a position as a member of the Board of Education of Lamar County Schools, was currently employed as a teacher by the Upson County Vocational Technical School and that this was in direct violation of Code Ann. § 32-903.1. The trial court sustained the appellee's motion to dismiss for failure to state a claim upon which relief could be granted on the ground that Upson County Vocational Technical School is an institution above the high school level and therefore within § 32-903.1's exemption.

The appellant enumerates as error the trial court's sustaining of the appellee's motion to dismiss and its finding that Upson County Vocational Technical School is above the high school level. We affirm.

The intent of the General Assembly in enacting § 32-903.1 was to insure that members of the respective county boards of education would not be hindered by conflicting interests or loyalties in achieving for their counties the best possible educational facilities. The public has a right to expect that their board of education members will be free from outside influences when making decisions on how to allocate limited funds or when engaged in competition with other school boards in trying to obtain additional financing.

Whether the General Assembly considered vocational schools of this sort to be "above the high school level" for purposes of § 32-903.1 can be answered only by determining on which level the legislature places it in terms of financial assistance. To help answer this question we look to the Georgia Higher Education Assistance Authority Act of 1969, enacted three years before § 32-903.1. That Act provides for financial aid for the development of educational opportunities beyond the twelfth grade. Throughout the Act vocational training is referred to as "post-secondary training" and "higher

education."

Since the legislature has not expressly defined what it considers "above the high school level" for purposes of § 32-903.1, this court must apply that statute to comport with the General Assembly's apparent intent. It is obvious that any attempt to determine, without the aid of this statute, where in the educational hierarchy vocational schools lie would be impossible. Vocational schools are hybrids. They have characteristics of both secondary and post-secondary institutions.

For purposes of § 32-903.1, however, this part-time instruction performed by the appellee at Upson County Vocational Technical School would not be a sufficient conflict of interest to bar membership on a county board of education.

Forfeitures are not favored by the law. Where a statute is capable of two constructions, one construction imposing a forfeiture and the other not, the construction not imposing the forfeiture will be followed. *Renfroe v. Colquitt,* 74 Ga. 618 (1885).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED SEPTEMBER 27, 1977.

*Harold E. Martin,* for appellant.
*Harvey J. Kennedy, Jr.,* for appellee.