A96A1591. LEWIS et al. v. WHITE et al.
(476 SE2d 602)

SMITH, Judge.

This appeal arises out of a dispute between neighbors over the use of an alleyway between their homes. Thomas Anthony Lewis and his wife brought this action for malicious prosecution and loss of consortium against their neighbors, Andrea White and her husband. The trial court granted the Whites' motion for partial summary judgment,[1] and the Lewises appeal.

The record reveals that Lewis was arrested after Andrea White informed police officers that he had blocked her way while she was attempting to use the alleyway and frightened her by beating on her car and yelling at her. Lewis was acquitted on the resulting charge of simple assault.

According to White, Lewis placed his upper body across the hood of her car, beat on her windshield and passenger side window with his fists, and threatened her verbally. She testified she was "very frightened" by his behavior. Lewis denied that he acted uncivilly. He insisted he was not angry and spoke in a moderate tone of voice, but was simply trying to get her attention because she backed her car into his fence. He and another neighbor testified that he did not lie across the hood of her car or pound her car windows.

In the criminal action, Lewis was bound over to state court at the preliminary hearing because the magistrate found that the evidence was in conflict. He was found not guilty at a bench trial, the judge finding that the State did not show "beyond a reasonable doubt that . . . Lewis committed an act which placed . . . White in reasonable apprehension . . . of immediately receiving a violent injury."

---

[1] Summary judgment was granted as to Counts 1 and 3 of the Lewises' complaint, dealing with malicious prosecution as to this incident and loss of consortium as to this incident. Summary judgment was later entered on the Whites' motion as to another count of the complaint involving a different incident as well, but that ruling is not appealed.

In this appeal, the Lewises contend the court erred in granting partial summary judgment to the Whites on this malicious prosecution claim because genuine issues of material fact remain for jury determination. We agree and reverse.

"Among the essential elements of a claim for malicious prosecution are: (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff." (Citations and punctuation omitted.) *Williams v. Taylor*, 202 Ga. App. 720, 721 (415 SE2d 498) (1992). The lack of probable cause is the gravamen of the action. *Garmon v. Warehouse Groceries &c.*, 207 Ga. App. 89, 92 (2) (427 SE2d 308) (1993). A jury must determine whether probable cause existed unless the facts regarding probable cause are undisputed. *Gantt v. Patient Communications Systems*, 200 Ga. App. 35, 38 (2) (a) (406 SE2d 796) (1991); see also *Garmon*, supra. The fact that Lewis was bound over to state court constitutes prima facie, but not conclusive, evidence of probable cause. *Monroe v. Sigler*, 256 Ga. 759, 760 (3) (353 SE2d 23) (1987). It may be rebutted by evidence from the accused showing lack of probable cause. *Garmon*, supra at 93.

In this case, the facts were anything but undisputed. The two versions presented of the incident are diametrically opposed. If White is believed, then probable cause existed for the prosecution of Lewis. If Lewis and the other neighbor are believed, no probable cause existed for the prosecution. There is, then, a genuine issue of material fact regarding the existence of probable cause, and the trial court therefore erred in granting the Whites' motion for summary judgment.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 4, 1996 —
RECONSIDERATION DENIED SEPTEMBER 23, 1996 — 

*Lowendick, Speed & Donahue, Kevin O. Skedsvold*, for appellants.

*Hollberg, Weaver & Kytle, James W. Kytle*, for appellees.