S99A1684. IANICELLI v. McNEELY et al.
(527 SE2d 189)

SEARS, Justice.

Appeal is brought from the trial court's dismissal of appellant's complaint due to its failure to state a claim upon which relief could have been granted. Appellant had sought mandamus, declaratory and injunctive relief in order to remedy alleged conflicts of interests on the part of certain Glynn County School Board members. Because appellant's request for mandamus relief sought to compel the undoing of acts already performed, the trial court properly dismissed that portion of the complaint. The trial court also properly dismissed appellant's claims for declaratory and injunctive relief, because it is certain that no such relief would have been available under any state

of facts that appellant might have been shown in support of those claims. Therefore, we affirm.

Appellant Joe Ianicelli, a citizen of Glynn County, filed a complaint against appellees Walter McNeely, Don Varnadore, and Darrell Williams (collectively "appellees"), each of whom are members of the Glynn County School Board and each of whom is married to an employee of the Glynn County School System. In his complaint, appellant alleged that appellees' participation in decisions affecting the compensation and benefits accorded school system employees necessarily affected their spouses, and thus violated the Georgia Constitution's prohibition against public officers and trustees engaging in conflicts of interest. In order to remedy that alleged conflict, appellant sought declaratory and injunctive relief prohibiting appellees "from voting on matters that directly affect their spouses."

In his complaint, appellant also alleged that appellees' participation in the recent election of a new Glenn County School Superintendent was improper because the new superintendent would purportedly "be beholden to the [appellees] and would reciprocate by granting [appellees'] spouses additional privileges, compensation, or benefits." To remedy this alleged conflict, appellant sought mandamus relief to retroactively invalidate the school superintendent's election.

On appellees' motion, the trial court dismissed appellant's complaint due to its failure to state a claim upon which relief could be granted,[1] after determining that the Georgia Constitution does not articulate an enforceable duty requiring appellees, as school board members, to refrain from voting on matters which might implicate the pecuniary interests of their spouses, as employees of the school board.

1. A complaint should be dismissed under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted only when "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his [or her] claim."[2] Otherwise, the claim should be allowed to proceed, as all doubts pertaining to a motion to dismiss must be resolved in the non-movant's favor.[3]

Regarding appellant's claim for mandamus relief, it is axiomatic that "mandamus relief applies prospectively only," and is unavailable "to compel the undoing of acts already done" — even if that act was illegal.[4] It follows that the trial court did not err in dismissing appel-

---

[1] See OCGA § 9-11-12 (b) (6).

[2] *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984).

[3] *Quetgles v. City of Columbus*, 264 Ga. 708 (450 SE2d 677) (1994).

[4] *Atlanta Independent School System v. Lane*, 266 Ga. 657, 660 (469 SE2d 22) (1996).

lant's petition for mandamus relief to invalidate the recent election of the new school superintendent, as the election was held before appellant filed his complaint.

2. Appellant based his request for declaratory and injunctive relief to prohibit appellees from taking action as school board members that might affect the pecuniary interests of their spouses upon the Georgia Constitution's provision that: "Public officers are the trustees and servants of the people and are at all times amenable to them."[5] Relying upon this provision, appellant argued that the appellees' participation in acts such as the preparation and adoption of the school system's budget, from which their spouses would be paid, violated their "constitutional trust."

The constitutional provision relied upon by appellant is phrased in very broad language, and has been variously interpreted by this Court to prohibit a state legislator from privately representing a client for financial gain in a civil action in which the State is an opposing party,[6] and to prohibit a city planning commissioner from participating in zoning applications filed by a company in which he serves as an officer.[7] However, in these and other cases interpreting the "constitutional trust" provision, there was evidence that a public officer had definitely benefitted financially (or definitely stood to benefit financially) as a result of simply performing their official duties. In none of these cases was the alleged conflict complained of based upon supposition or innuendo. In this case, however, we agree with the trial court that appellant's argument is based largely upon speculation, and hence the case law construing our Georgia Constitution's "public trust" language relied upon by appellant does not support his position.[8]

Moreover, appellant has failed to identify any precedent stating that the familial relationship of locally elected school officials may disqualify them from participating in fundamental decisions affecting the operation of the school system they are charged with overseeing. In fact, under appellant's argument, the spouse of any school system employee would be precluded from seeking a position on the school board governing that system, because of a speculative pre-

---

See *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 540 (266 SE2d 157) (1980).

[5] Ga. Const. (1983), Art. I, Sec. II, Par. I.

[6] *Ga. Dept. of Human Resources v. Sistrunk*, 249 Ga. 543 (291 SE2d 524) (1982).

[7] See *Dunaway v. City of Marietta*, 251 Ga. 727 (308 SE2d 823) (1983).

[8] See *Sistrunk*, supra (primary case relied upon by appellant; evidence showed that state legislator, a lawyer, had intentionally contracted to defend a party for monetary gain in an action brought against him by the state). But see *Ga. State Bd. of Pharmacy v. Lovvorn*, 255 Ga. 259 (336 SE2d 238) (1985) (plurality decision; permitting state legislator, an attorney, to defend a party free of charge in an action brought by state administrative agency).

sumption that, if elected, the spouse will act not in accordance with their duty to the school system, but rather would act in the interest of their immediate family's gain. Taken to its logical extreme, appellant's argument would prohibit not only the spouses of school system employees from seeking elected school board positions, but also would exclude the parents, siblings, children, and grandchildren of school system employees from seeking election to local school boards. We do not believe that our State Constitution's "public trust" language is intended to effectuate such a sweeping and all-encompassing prohibition against the valuable right to seek election to local school boards.

This is especially true because appellant's argument would subvert and effectively rewrite the statutory scheme setting forth the eligibility criteria for school board members in Georgia. The Georgia Education Code[9] defines the eligibility criteria for election to local school boards,[10] and prohibits the following individuals from serving on a school board: (1) employees of a school system, (2) employees or board members of private schools, (3) employees of the State Department of Education, and (4) members of the State Board of Education.[11] These prohibitions exist in order to guarantee that local school board members will "not be hindered by conflicting interests or loyalties."[12] The ineligibility criteria listed in the Education Code are not concerned with where family members of an elected school board member are employed. It follows that, even if we were inclined to grant appellant's request that we add additional ineligibility criteria to this statutory listing, we could not do so, as this Court is charged with interpreting statutes, not enacting them, and that if appellant is to obtain the relief he seeks, he must do so in the legislature.

In closing, we note that appellant's argument is not altogether without merit. Should it be shown that a school board member has violated his or her duty to ensure the integrity of local school system operations by intentionally acting in order to further their spouse's pecuniary gain (and, hence, their own), they would indeed have breached the public's trust. In that instance, the public should use its powers to remove the individual from office and to elect a suitable replacement. However, for the reasons explained above, neither Georgia's Constitution nor the Education Code presume that an elected school board official whose family members are employed by the local school system acts in violation of their public duty merely by participating in decisions affecting school operations. Therefore,

---

[9] OCGA § 20-1-1 et seq.
[10] OCGA § 20-2-51.
[11] OCGA § 20-2-51 (c).
[12] *Turner v. Lashley*, 239 Ga. 678, 679 (238 SE2d 371) (1977).

because it is certain that appellant would not be entitled to relief, regardless of whatever facts he might have proved in support of his claim, the trial court did not err in dismissing his petition for relief.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*Meadows, Ichter & Trigg, Michael J. Bowers, Christopher S. Anulewicz, Andrew H. Lakin,* for appellant.
*Harben & Hartley, Phillip L. Hartley, James A. Bishop,* for appellees.