## A01A1637. YE v. KROGER COMPANY.
### (556 SE2d 879)

PHIPPS, Judge.

Zhifei "Jeffrey" Ye sued the Kroger Company for malicious prosecution, false arrest and false imprisonment. After Kroger moved for summary judgment on all claims, Ye withdrew his false arrest claim. The trial court granted Kroger's motion on the remaining claims. The court concluded that the existence of probable cause defeated the malicious prosecution claim and that the reasonableness of both the decision to detain and the manner and length of Ye's detention precluded a claim for false imprisonment. Because we agree with the trial court's assessment of the malicious prosecution claim and find that Ye has abandoned any challenge regarding his false imprisonment claim, we affirm.

On the evening of December 12, 1998, Ye went to the Kroger grocery store on College Station Road in Athens to shop for a few items. He first went to the condom display and selected a box of condoms. While carrying the box of condoms in his hand and partially concealing the box with his sleeve, he picked up other items, including tangerines and contact lens solution. Before he reached the checkout area, Ye put the box of condoms in his right front pants pocket. The box remained in his pocket while he paid for the other items and exited the store.

A Kroger employee saw Ye place the condoms in his pants pocket and pointed him out to the assistant store manager. The employee and assistant manager observed Ye proceed through the checkout without paying for the condoms. The assistant manager then followed Ye out of the store and asked him about the box of condoms in his pocket. Ye admitted that he had not paid for the box of condoms and asked if he could pay for it then. The assistant manager did not answer Ye's question, but took him to the manager's office where he completed a shoplifting incident report and called the police. Ye was subsequently arrested for shoplifting, placed in handcuffs and transported to jail. A jury found Ye not guilty of theft by shoplifting.

1. Ye contends that the trial court erred by granting summary judgment on his malicious prosecution claim. He argues that the issue of probable cause should have been submitted to a jury.

"The elements of malicious prosecution include: (1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; (3) termination of the prosecution

in favor of the plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff."[1] Ordinarily, a jury decides whether probable cause exists, and the judge determines the issue only when the material facts are undisputed.[2] Ye claims that there was a dispute as to whether the box of condoms was at least partially visible even after he placed it in his pocket. The store employee testified that the bulge created by the box was visible and that she could see the box from behind because it caused Ye's pocket to stick out. Because Ye admits that he placed the box of condoms in his pocket and failed to pay for it before exiting the store, whether the box was completely or only partially hidden is not material. Thus, the existence of probable cause was a proper question for the judge.

Probable cause is lacking when the circumstances are such as to satisfy a reasonable person that the accuser had no ground for proceeding but a desire to injure the accused.[3] Although criminal intent is a material element of shoplifting, a store employee is not required to determine the shopper's subjective intent before seeking an arrest and prosecution for shoplifting.[4] If Ye's actions would have caused reasonably prudent persons to believe they had probable cause to prosecute him for shoplifting, Ye may not recover for malicious prosecution.[5]

Two factually similar cases support the trial court's decision on the issue of probable cause. In *Garmon v. Warehouse Groceries Food Center*,[6] while Garmon and his wife were grocery shopping, the store manager observed Garmon put a can of snuff in his pocket and keep it there until after the couple had finished shopping and were in the process of purchasing other items. When confronted, Garmon apologized and attempted to pay for the item. The store manager called the police, and Garmon was arrested and taken to jail. We concluded that a reasonably prudent person, with the same knowledge as the store manager, would have believed he had probable cause to prosecute Garmon for shoplifting.[7] Similarly, in *Turner v. Bogle*,[8] we found probable cause existed to prosecute a customer who was observed taking vitamin pills from a shelf, placing them in his pocket and then proceeding through the checkout line without producing or paying for them.

Consistent with *Garmon* and *Turner,* we find that Ye's actions

---

[1] *Medoc Corp. v. Keel*, 166 Ga. App. 615-616 (1) (305 SE2d 134) (1983).
[2] *K-Mart Corp. v. Coker*, 261 Ga. 745, 746 (1) (410 SE2d 425) (1991).
[3] OCGA § 51-7-3.
[4] *K-Mart Corp.*, supra at 747 (2).
[5] Id. at 747 (4).
[6] 207 Ga. App. 89 (427 SE2d 308) (1993).
[7] Id. at 92 (2).
[8] 115 Ga. App. 710, 712-713 (2) (155 SE2d 667) (1967).

would have caused a reasonably prudent person with the same knowledge as the assistant store manager to believe he had probable cause to prosecute Ye for shoplifting. Therefore, Ye cannot recover for malicious prosecution, and summary judgment was properly granted.[9]

2. Ye does not challenge the trial court's ruling on his false imprisonment claim in his enumeration of errors or any other portion of his appellate brief. Thus, any claimed error regarding the grant of summary judgment on the false imprisonment claim has been abandoned.[10]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 3, 2001.

*Alan B. Fecteau*, for appellant.

*Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for appellee.

---

[9] *K-Mart Corp.*, supra at 747 (4); *Garmon*, supra.

[10] See Court of Appeals Rule 27 (c) (2); *Garmon*, supra at 95 (4).