S01A1299. CROZER et al. v. REICHERT et al.
(561 SE2d 120)

THOMPSON, Justice.

Plaintiff Robert P. Crozer, along with several neighboring landowners and members of a citizens' group, Citizens Against Strobe Lit

Towers (Crozer), brought an action for declaratory and injunctive relief against Thomas County Planning Director Johnny L. Reichert, the Thomas County Board of Commissioners, and SBA, Inc., a Florida corporation, seeking to prevent construction of a 350-foot, strobe-lit telecommunications tower on property belonging to Reichert. Plaintiffs appeal from an order of the trial court granting summary judgment to defendant SBA, and denying plaintiffs' cross-motion for summary judgment. Because we conclude that summary judgment was improperly granted on the state of the record developed below, we reverse.

The record establishes that Reichert entered into an agreement to lease certain property to SBA, Inc. to enable SBA to construct and operate a wireless telecommunications tower. The agreement was conditioned upon obtaining "any necessary governmental licenses or authorizations" needed for the project. Under the Thomas County Planning and Land Use Ordinance, approval as a conditional use was required. Failure to receive that approval provided grounds for SBA to terminate the agreement.

Reichert serves as the planning director for the Thomas County Planning and Zoning Department. That department reviews land use applications and makes recommendations to the Thomas County Planning and Land Use Commission as to whether the applications conform to the county's zoning ordinances. Reichert submitted his application for a conditional use permit to his own office for review.

The application was reviewed by Reichert's assistant and subordinate, Diana Beall. Reichert admittedly exercises a significant degree of supervision over all official activities, benefits, and advancement of his subordinates, including Beall. After making certain findings, Beall recommended that the request be granted.[1] Her recommendation was adopted by the Land Use Standards Commission, and the Board of Commissioners subsequently approved the permit.

Crozer's complaint alleged that Reichert is a public officer by virtue of his position as planning director for Thomas County; that he has a pecuniary interest in the approval of the application; that as a result, a conflict of interest exists; and that by submitting the conditional use application to his own office and having his subordinate review the application and make a recommendation, Reichert violated his duties as a trustee of the State under Art. I, Sec. II, Par. I of

---

[1] Ms. Beall made the following findings with regard to the application for conditional use: (1) the conditional use will be consistent with local ordinances; (2) conditional use will not have an undue adverse effect upon adjacent or nearby properties; (3) conditional use will be arranged in a manner which should not interfere with development of neighboring property; (4) conditional use will not have an adverse impact on the natural environment.

the Georgia Constitution.[2]

In granting SBA's motion for summary judgment, the superior court determined that Reichert was not a public officer within the purview of Art. I, Sec. II, Par. I, and that even if he were, the evidence did not, as a matter of law, support plaintiffs' contention that there was a conflict of interest.[3]

### Public official

1. While SBA relies on the definition of "public official" as contained in OCGA § 45-10-20 (9),[4] the term consistently has been given broad application by our appellate courts. Beginning with *Bradford v. Justices of Inferior Court*, 33 Ga. 332 (1862), this Court recognized that, "where an individual has been appointed or elected, in a manner prescribed by law, has a designation or title given him by law, and exercises functions concerning the public . . . he must be regarded as a public officer." Id. at 336. In *Templeman v. Jeffries*, 172 Ga. 895, 901 (159 SE 248) (1931), the Court applied the *Bradford* definition, and further acknowledged that, "[a]ny one is a public officer who is appointed by the government and has any duty to perform concerning the public. Nor does it matter that his authority or duty is confined to very narrow limits." Thus, if the individual is appointed, the determination of whether he is a public officer is to be made based on an analysis of that person's duties, powers and obligations, not the extent of his authority. *Bradford*, supra. See also *Dept. of Human Resources v. Sistrunk*, 249 Ga. 543 (291 SE2d 524) (1982), overruled on other grounds in *Ga. Ports Auth. v. Harris*, 274 Ga. 146 (1) (549 SE2d 95) (2001).

---

[2] Art. I, Sec. II, Par. I of the Georgia Constitution (1983) provides that, "All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. Public officers are the trustees and servants of the people and are at all times amenable to them."

[3] SBA was the only defendant which sought summary judgment, and the motion was predicated on the contention that Reichert was not a public officer and he did not violate the conflict of interest provision of the Georgia Constitution in applying for a conditional use permit and delegating his duties to his subordinate. Although Reichert and Thomas County did not seek summary judgment, the trial court's grant of summary judgment to SBA impacted on those defendants in the same manner. Thomas County has filed a brief as appellee to this appeal.

[4] OCGA § 45-10-20 (9) defines "public official" as "any person elected to a state office and means any person appointed to a state office where in the conduct of such office the person so appointed has administrative and discretionary authority to receive and expend public funds and to perform certain functions concerning the public which are assigned to him by law."

## *Conflict of interest*

2. The constitutional trust provision is applied when "a public officer had definitely benefitted financially (or definitely stood to benefit financially) as a result of simply performing their official duties." *Ianicelli v. McNeely,* 272 Ga. 234 (2) (527 SE2d 189) (2000). That is because:

> All public officers, within whatever branch and at whatever level of our government, and whatever be their private vocations, are trustees of the people, and do accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from the discharge of their trusts.

*Sistrunk,* supra at 547. In *Dunaway v. City of Marietta,* 251 Ga. 727 (308 SE2d 823) (1983), we held that the constitutional trust provision prohibits the chairman of the city planning commission from any participation in zoning applications filed by a corporation in which the chairman served as an officer. Even though the chairman had disclosed his relationship to the applicant and abstained from voting on the application, the fact that he chaired a hearing at which the application was presented raised a factual question as to whether his limited participation tainted the subsequent proceedings. Id.

3. The record fails to establish certain factual evidence which is pertinent to a determination of whether SBA is entitled to summary judgment.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

*Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

SBA's summary judgment motion was not supported by deposition testimony, discovery material, sworn hearing testimony, or relevant affidavit material.[5] Although the motion contained a statement

---

[5] It did contain a single affidavit in which SBA's zoning manager averred that its dealings with Reichert were open and conspicuous, and that he was advised by SBA's counsel

of each theory of recovery and of each of the material facts to which the movant contends there is no genuine issue to be tried as required by Uniform Superior Court Rule 6.5, such "is not evidence for purposes of summary judgment." *Rapps v. Cooke*, 234 Ga. App. 131, 132 (1) (505 SE2d 566) (1998).

In order to prevail, SBA was required to demonstrate by competent evidence of record that Reichert was not a public officer within the context of the constitutional trustee provision and that he did not labor under a conflict of interest in submitting his application to his office for review. SBA failed to show "by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp.*, supra at 491. Among other factors, the record is silent as to the manner in which Reichert obtained his position as planning director, and the duties and responsibilities associated with that position. Under the facts developed below, summary judgment was improperly granted.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 2002 —
RECONSIDERATION DENIED APRIL 11, 2002.

*Meadows, Ichter & Trigg, Michael J. Bowers, T. Joshua R. Archer, Christopher S. Anulewicz*, for appellants.
*Whitehurst, Blackburn, Warren & Kelley, Ronald B. Warren, Joseph E. Stauffer*, for appellees.

---

that it was not illegal to enter into a lease with Reichert.