### A05A0449. CONDON v. VICKERY et al.
(612 SE2d 574)

JOHNSON, Presiding Judge.

This is a malicious prosecution case in which the trial court granted summary judgment to the defendants. Because the trial court's summary judgment ruling is erroneous as a matter of law, it must be reversed.

John Condon and his wife own 27 acres of land in Henry County that is adjacent to property owned by Charles Vickery. Since 1997, the neighbors have brought various civil and criminal actions against one another. One such action began in December 1999, when Vickery, his wife and their teenaged daughter accused Condon of having committed the offense of stalking over a year and a half earlier by videotaping the daughter and a friend while they were nude in a bathroom inside the Vickerys' house. A preliminary hearing was held before a magistrate court judge, who found probable cause for stalking and bound the case over to state court. The case was eventually tried before a jury, which found Condon not guilty of stalking.

Condon subsequently filed the instant malicious prosecution action against the Vickerys based on their pursuit of the stalking charge. The Vickerys moved for summary judgment on the ground that the magistrate court's preliminary finding of probable cause to bind the case over to state court is an absolute bar to the malicious prosecution claim. The trial court agreed and granted summary judgment to the Vickerys on that basis, expressly holding that the magistrate court's finding of probable cause for the stalking prosecution is dispositive of that issue.

Condon appeals, asserting that the trial court erred in holding that the magistrate court's finding of probable cause is dispositive of that issue. His assertion is correct because the magistrate court's determination is merely prima facie, but not conclusive, evidence of

probable cause for the stalking prosecution.[1]

> Among the essential elements of a claim for malicious pros-
> ecution are: (1) a prosecution instituted maliciously and (2)
> without probable cause which (3) has terminated favorably
> to the plaintiff. The lack of probable cause is the gravamen
> of the action. A jury must determine whether probable cause
> existed unless the facts regarding probable cause are undis-
> puted. The fact that [one] was bound over to state court
> constitutes prima facie, but not conclusive, evidence of prob-
> able cause. It may be rebutted by evidence from the accused
> showing lack of probable cause.[2]

In the instant case, the facts regarding probable cause are in
dispute. The fact that the magistrate court bound the case over to
state court is prima facie evidence of probable cause, but Condon may
rebut that prima facie evidence by presenting other evidence showing
a lack of probable cause. Condon has presented at least some evidence
that rebuts the probable cause evidence, including his own testimony
denying that he ever videotaped any people on the Vickerys' property,
as well as affidavits and documents purportedly indicating that the
Vickerys brought the stalking charge only after Condon's wife had
filed a civil suit against them and that they then offered to dismiss the
criminal charge in exchange for the dismissal of the civil suit. Based
on the record before us, there is a genuine issue of material fact as to
the existence of probable cause, and therefore the trial court erred in
granting the Vickerys' motion for summary judgment.[3]

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MARCH 22, 2005.

*Mitchell D. White*, for appellant.
*Smith, Welch & Brittain, E. Gilmore Maxwell, Earnelle P. Win-
frey*, for appellees.

---

[1] See *Monroe v. Sigler*, 256 Ga. 759, 760 (3) (353 SE2d 23) (1987).
[2] (Citations and punctuation omitted.) *Lewis v. White*, 222 Ga. App. 842, 843 (476 SE2d 602) (1996).
[3] Id.