## A05A0684. HORNE v. J. H. HARVEY COMPANY.
### (617 SE2d 648)

ADAMS, Judge.

Felicia Horne appeals from the trial court's grant of summary judgment in favor of J. H. Harvey Company ("Harvey's") on her claim of malicious prosecution. Because we find that an issue of material fact exists as to whether Harvey's acted with malice in pursuing the prosecution against Horne, we reverse.

"Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. We review a trial court's summary judgment ruling de novo, construing the evidence and all reasonable inferences in a light most favorable to the nonmovant." (Footnotes omitted.) *Botterbusch v. Preussag Intl. Steel Corp.*, 271 Ga. App. 190 (609 SE2d 141) (2004).

Construed in that light, the evidence shows that Beatrice Horne, Felicia Horne's mother, forged her signature on three checks drawn on Felicia's account and presented them to J. H. Harvey's Supermarket No. 41 in Quitman, Georgia on April 16, 1999, to obtain cash and merchandise. The checks were later returned to Harvey's due to insufficient funds. On the day that Beatrice Horne presented these checks to Harvey's, Felicia Horne was incarcerated at the Brooks County jail on an unrelated charge.

On May 7, 1999, Mary Edwards, head cashier at Harvey's mailed notice via certified mail to Beatrice Horne at her home address in accordance with OCGA § 16-9-20. The notice stated that the checks Beatrice submitted to Harvey's had been returned due to insufficient funds.[1] Harvey's received no reimbursement for the check proceeds, so on July 12, Edwards completed an application for a warrant against Beatrice for deposit account fraud in connection with the three returned checks. Edwards presented the application and the returned checks to Brooks County Magistrate Judge Joyce Miskiel. After reviewing the checks, Judge Miskiel struck through the name

---

[1] The certified letter was returned to Harvey's. Beatrice Horne may not have actually received the notice as Edwards could not state whether the address on the letter was accurate.

"Beatrice" on the application and wrote in the name "Felicia" because the signatory on the check was ostensibly Felicia Horne. Judge Miskiel made this change on her own initiative, instructing Edwards that the application needed to be made out against Felicia Horne, not Beatrice Horne.

At the time she made this change Judge Miskiel was aware that Harvey's had sent notice of the returned checks to Beatrice Horne, not Felicia Horne, because Edwards presented the judge with a copy of the green, certified mail return card listing Beatrice Horne's name and address. Nevertheless, Judge Miskiel did not direct Edwards to send any notice to Felicia Horne. And by the time Judge Miskiel issued the warrants on July 28, she knew that Beatrice Horne was the individual who had presented the checks to Harvey's, not Felicia Horne. Judge Miskiel later admitted in her deposition in this case that she should not have issued the warrants against Felicia Horne because the requisite statutory notice was never sent to her.

A Brooks County sheriff's deputy subsequently attempted to execute the warrants at Beatrice Horne's house when Felicia Horne was there. The deputy notified the women that he had outstanding warrants for Felicia's arrest for deposit account fraud. Beatrice Horne explained that her daughter was not involved and asked for an opportunity to correct the situation. Beatrice then spoke with the sheriff's office and explained that she had deposited money in Felicia's account so that the returned checks could be resubmitted, but she never informed Harvey's about these attempts to resolve the situation. And Felicia Horne never took any steps to contact Harvey's or to otherwise correct the misunderstanding.

On March 19, 2001, when Felicia Horne appeared for jury duty at the Brooks County Courthouse, she was arrested on the outstanding warrants. On or about September 14, the prosecutor's office contacted Edwards to ask that she complete forms providing information about the case. Edwards testified in her deposition that someone from the prosecutor's office assisted her in completing the forms, directing her to fill in Felicia Horne's name and giving her the amount and date of the checks. Edwards admitted that information she provided on these forms was incorrect, but said that it had been a mistake on her part. The completed forms incorrectly stated, for example, that Felicia Horne was the individual who presented the check and that Harvey's had sent Felicia the statutory notice. Edwards denied acting with any intent, ill will or malice toward Felicia Horne and, in fact, denied that she even knew her.

Felicia Horne was indicted on October 4, 2001 by a Brooks County grand jury for three counts of deposit account fraud. The

charges were later dismissed after Felicia Horne demonstrated that she was incarcerated at the time the checks were presented to Harvey's.

In order to establish her claim of malicious prosecution, Horne must provide evidence of "(1) a criminal prosecution; (2) instigated without probable cause; (3) with malice; (4) pursuant to a valid warrant, accusation, or summons; (5) that terminated in the plaintiff's favor; and (6) caused the plaintiff damage." (Punctuation and footnote omitted.) *Vojnovic v. Brants*, 272 Ga. App. 475, 477 (2) (612 SE2d 621) (2005). Thus, to prevail a plaintiff must show that the defendant acted maliciously and without probable cause. And summary judgment is appropriate where the defendant's actions fail to satisfy either of these elements. *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 74 (2) (532 SE2d 463) (2000).

The trial judge granted summary judgment on Horne's claim because he found that the alteration of the warrant application by the magistrate judge was sufficient to create a reasonable belief by Edwards that probable cause existed for Felicia Horne's arrest and prosecution. The court also found that Horne failed to show that Harvey's acted with malice.[2] But Horne contends that the trial court erred in granting Harvey's motion because the record demonstrates that she was arrested without probable cause and because an issue exists as to whether Edwards, as Harvey's employee, acted maliciously in knowingly providing false information to the prosecutor.

"Malice" in this context refers to personal spite or "a general disregard of the right consideration of mankind, directed by chance against the individual injured." (Punctuation and footnote omitted.) *Vojnovic v. Brants*, 272 Ga. App. at 478 (2) (a). This Court has held that such malice may be inferred where no probable cause exists for the prosecution. Id. And in addressing the issue of probable cause, we must determine whether the defendant had a reasonable belief that probable cause existed:

> [T]he question is, not whether plaintiff was guilty, but whether defendants had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of defendants a *reasonable belief* that there was probable cause for the arrest and prosecution. Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, that the

---

[2] Harvey's raised additional issues in support of its motion for summary judgment, but the trial court did not rule upon those issues and they are not raised by either party in this appeal. Accordingly, we do not address them here.

person charged was guilty of the crime for which he was arrested and prosecuted.

(Citation and punctuation omitted; emphasis in original.) *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 415 (1) (450 SE2d 866) (1994). Conversely, "[l]ack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." (Punctuation and footnote omitted.) *Vojnovic v. Brants*, 272 Ga. App. at 478 (2) (a). Generally it is for the jury to decide whether probable cause exists, but where, as in this case, the underlying facts are undisputed, the issue is properly for the court. *Ye v. Kroger Co.*, 252 Ga. App. 712, 713 (1) (556 SE2d 879) (2001).

The record demonstrates that Edwards initially sought to obtain warrants against Beatrice Horne as the person who passed the checks, but the magistrate judge determined, sua sponte, that Felicia and not Beatrice should be named in the warrant. The magistrate instructed Edwards that the law required that Felicia Horne be named in the warrant because her signature appeared on the checks. And there is no evidence that Edwards intentionally concealed any information from the magistrate that might have caused the judge to reach a different conclusion. Edwards provided documentation to show that she sent the statutory notice to Beatrice, not Felicia. Nor is there any evidence to indicate that Edwards knew at the time that Beatrice Horne had forged her daughter's signature on the checks. In fact, the parties stipulated that Harvey's was not informed prior to the filing of the complaint that Felicia Horne was in jail when the checks were written, and therefore that she could not have written them. Moreover, the magistrate judge admitted that she was aware at the time she issued the warrant that Beatrice, not Felicia, was the individual who presented the checks to Harvey's.

Thus, we find that Edwards, a nonlawyer,[3] was entitled to rely upon the judge's representations regarding the law in this regard. And we agree with the trial court that the magistrate's actions "would lead a person of ordinary caution to entertain a belief" that probable cause existed to pursue a warrant against Felicia Horne. *Gibbs v. Loomis, Fargo & Co.*, 259 Ga. App. 170, 173 (576 SE2d 589) (2003). See also *Smith v. Trust Co. Bank*, 215 Ga. App. at 415 (1). We also agree that there is no evidence that Edwards acted with any personal malice toward Felicia Horne in seeking the warrants. See *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. at 75 (2).

---

[3] There is nothing in the record to indicate that Edwards had the assistance of counsel in applying for the warrants.

But Felicia Horne asserts that Edwards's actions in providing false information to the prosecutor raise a jury issue as to whether Harvey's acted with malice in pursuing her prosecution. The trial court did not specifically address this issue.

As previously noted, malice can be inferred from a lack of probable cause. *Vojnovic v. Brants*, 272 Ga. App. at 478 (2) (a). And even if a defendant has probable cause to initiate a criminal proceeding, if afterward, the defendant "acquired knowledge, or the reasonable means of knowledge, that the charge was not well founded, his continuation of the prosecution is evidence of the want of probable cause, requiring that the question be submitted to the jury." (Citations and punctuation omitted.) *Fuller v. Jennings*, 213 Ga. App. 773, 776-777 (1) (445 SE2d 796) (1994). No probable cause exists if a defendant "knew that the facts stated to the law enforcement official were false or if he failed to make a fair, full, and complete statement of the facts as they existed, or if he concealed facts. The defendant's belief then could not possibly be 'honest' or 'reasonable.' " (Citations omitted.) *Willis v. Brassell*, 220 Ga. App. 348, 353 (4) (469 SE2d 733) (1996).

Thus, although we have found that Edwards could have formed a reasonable belief that probable cause existed to initiate the prosecution against Felicia Horne, an issue arises as to whether she could reasonably believe that probable cause existed to pursue the prosecution. As the criminal process advanced, Edwards was asked to provide information to the prosecutor. Edwards admits that some of the information she provided was false, including (1) that Felicia Horne was the individual who passed the checks; (2) that Harvey's had sent Felicia Horne the statutory notice; (3) that she had been the one who accepted the checks, even though they had been accepted by another cashier; and (4) that she could identify the passer of the checks. She even described Felicia Horne as a black woman with black hair, even though she did not know whether this was true. Edwards testified in her deposition that she told the secretary that she could not remember the specifics facts surrounding the checks, so the secretary gave her the name, check number and amounts to put on the form. But Edwards herself provided some of the other inaccurate information.

Edwards acknowledged at the time she completed the forms she was aware that some of the information on the forms was inaccurate, or she did not know whether it was true. Yet she never mentioned any concerns or otherwise raised the issue with the prosecutor's office. She said her answers to the form were simply an error or mistake on her part. While this was the first time that Edwards had ever completed such a form, she knew that it was for "court purposes,"

even though she did not believe that anyone ever actually went to jail in Quitman, Georgia on bad check charges.

We acknowledge that claims for malicious prosecution are disfavored under Georgia law, *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995), but we find that this evidence is sufficient to raise a jury issue as to whether Harvey's pursued Horne's prosecution with malice. "Malice may be inferred if defendant's acts were wanton or were done with a reckless disregard for or conscious indifference to the rights of the plaintiff." (Citation and punctuation omitted.) *McClelland v. Courson's 441 South Station*, 248 Ga. App. 170, 171 (546 SE2d 300) (2001). Although Harvey's asserts that Edwards provided the inaccurate information unintentionally, a jury issue exists as to whether her actions evinced a reckless disregard or a conscious indifference for Horne's rights, giving rise to an inference of malice. Id. at 172; *K-Mart Corp. v. Lovett*, 241 Ga. App. 26, 28 (2) (525 SE2d 751) (1999). Edwards readily conceded that she did not know whether some of the information she put on the form was accurate, yet she never mentioned this to the prosecutor's office or took any steps to investigate the matter further. This presents a question for the jury. While "the defendant is not necessarily required to verify his information, where it appears to be reliable . . . [,] where a reasonable man would investigate further before [pursuing a] prosecution, he may be liable for failure to do so." (Citation and punctuation omitted.) *McClelland v. Courson's 441 South Station*, 248 Ga. App. at 172.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED JULY 14, 2005.

*Smith, Hannan & Parker, Bradley M. Hannan*, for appellant.
*Gardner, Willis, Sweat & Goldsmith, Christopher T. Ross*, for appellee.