A07A1706. THOMPSON v. HOWARD BROTHERS, INC.
(657 SE2d 4)

JOHNSON, Presiding Judge.

Marvin Thompson filed a malicious prosecution action against Howard Brothers, Inc., alleging that it had improperly identified him as the perpetrator of the theft of a chainsaw from its hardware store. Howard Brothers moved for summary judgment, and the trial court granted the motion. Thompson appeals from the trial court's summary judgment order. Because Thompson has presented no evidence of malice or want of probable cause, we affirm the trial court's summary judgment ruling.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that

there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

In the instant case, Howard Brothers supported its motion for summary judgment with affidavits, deposition testimony and other evidence establishing that a man stole a chainsaw from its hardware store and the theft was captured on a surveillance videotape recorder. Two store employees chased after the man and saw him put the chainsaw in the back of a pickup truck and drive away. The employees got the tag number of the truck and gave that information to the police. A police investigator discovered that the tag number belonged to a truck owned by Thompson. The investigator obtained a photograph of Thompson from the Department of Motor Vehicles and was further informed by store employees that they had a copy of Thompson's driver's license because he had previously done business with the store. The investigator watched the surveillance videotape of the theft and, based on the photographs he had seen of Thompson, was certain that Thompson was the man depicted on the videotape. The investigator then obtained a warrant for Thompson's arrest and a grand jury eventually indicted Thompson for theft by shoplifting.

> Actions for false arrest and malicious prosecution both require evidence of malice and lack of probable cause to obtain a verdict. Probable cause is absent when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused.[2]

In this appeal, Thompson has cited no evidence that Howard Brothers had no ground for proceeding other than a desire to injure him. On the contrary, the evidence shows that Howard Brothers had reasonable grounds for proceeding against Thompson since his truck was used as the thief's getaway vehicle and he was positively identified by the police investigator as the person depicted on the surveillance videotape.

Moreover, it is undisputed that Thompson was indicted by a grand jury for the theft. "Although evidence of an indictment is not conclusive, it is prima facie evidence of probable cause which shifts the burden to the plaintiff to come forward with specific facts tending to show that probable cause did not exist for his arrest and that the

---

[1] (Citations and emphasis omitted.) *Crozer v. Reichert*, 275 Ga. 118, 121 (3) (561 SE2d 120) (2002).

[2] (Citations and punctuation omitted.) *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 415 (1) (450 SE2d 866) (1994).

charges against him were instead motivated by malice."[3] Thompson has come forward with no facts tending to show that probable cause did not exist and that the charges against him were motivated by malice. Indeed, his appellate brief is deficient in that it makes no meaningful citations to the record in support of his claim of error. His sole reference to the record is to four pages of the investigator's deposition which, rather than supporting his claim, show that he was identified from the videotape as the thief.[4]

Because Thompson has failed to provide us with any evidence sufficient to create a jury issue as to the essential elements of malice and want of probable cause, we find that the trial court correctly granted summary judgment to Howard Brothers.[5]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 7, 2008 —
RECONSIDERATION DENIED JANUARY 24, 2008

Marvin Thompson, *pro se.*
M. Scott Barksdale, for appellee.

---

[3] (Citations and punctuation omitted.) *Tate v. Holloway*, 231 Ga. App. 831, 834 (499 SE2d 72) (1998).

[4] "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 25 (c) (3) (i).

[5] See *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 74-75 (2) (532 SE2d 463) (2000).