## A09A1240. McKISSICK v. S. O. A., INC.
### (684 SE2d 24)

MIKELL, Judge.

Timothy McKissick filed suit alleging malicious prosecution and malicious arrest against S. O. A, Inc. ("SOA"), and its president, Steven Aydelott. The trial court granted summary judgment to SOA and Aydelott on McKissick's claims. McKissick appeals, arguing that there was no probable cause to support his prosecution for theft by deception. Because we find that genuine issues of fact remain as to the issues of probable cause and malice, we reverse the grant of summary judgment.

> On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.[1]

So viewed, the record shows that in the late summer of 2003, McKissick was employed as a project estimator with Allgood Electrical Company, Inc. ("Allgood"). Allgood was hired as an electrical subcontractor by SOA, which was the general contractor for the construction of the Perry High School Multi-Purpose Facility (the "Project"). During the fall of that year, Allgood left the Project due to a dispute over payment with SOA and Aydelott. McKissick averred that he worked out an agreement with Aydelott to complete the electrical work on the Project for which he would be paid $1,000 weekly plus the cost of materials. Because McKissick was not a licensed electrician, he arranged for his father-in-law, Albert Wayne Davis, who was a licensed electrician, to visit the site each week to

---

[1] (Footnote omitted.) *Heller v. City of Atlanta*, 290 Ga. App. 345, 346 (659 SE2d 617) (2008).

inspect McKissick's work. McKissick further averred that Aydelott knew about the arrangement with Davis and did not object to it.

Eleven weeks after he began working on the Project, McKissick was terminated by Aydelott. On June 2, 2004, McKissick demanded payment for work performed in the amount of $9,373.94 and filed a lawsuit against appellees in the Magistrate Court of Houston County in June 2004.

Aydelott averred that two months later in August 2004, he reported the following facts to the Houston County Sheriff's Office: that while McKissick worked on the Project, he ordered supplies from an electrical materials supplier using SOA's account without authorization from SOA; that the materials were not delivered to the job site but were picked up by McKissick; that some of the materials could not be accounted for at the job site; that neither McKissick nor the supplier could provide proof that the items had been delivered to the job site, but the supplier demanded payment from SOA and filed a lien against it; and that within the same time period, he learned that McKissick was not a licensed electrician and was performing substandard work. According to Aydelott, McKissick led him to believe that he was a licensed electrician. Aydelott also averred that he learned that McKissick had been convicted of armed robbery and was on parole for that offense.

Sergeant Joseph Sendek was assigned to investigate the case. Sendek averred that upon commencing his investigation, he contacted Aydelott, who confirmed the information in the police report and asked Aydelott to provide documents relating to the investigation. Sendek further averred that he conducted the investigation in the manner he was trained; that Aydelott never asked him to undertake a certain course of conduct regarding the matter nor did he directly or indirectly urge that any action be taken; and that he concluded that probable cause existed to arrest McKissick for theft by deception.

Sendek submitted an application for a search warrant to the magistrate court. A preliminary hearing was held, which McKissick attended with counsel. Sendek was the only witness to testify at the hearing, and the warrant was issued. McKissick was arrested on September 10, 2004, and remained incarcerated until October 12, 2004. He was given a recognizance bond on the day of his arrest but could not post bond due to a hold placed by his probation officer. The criminal charges were dismissed on November 10, 2004.

McKissick filed his complaint for malicious prosecution against SOA and Aydelott on June 2, 2006, and subsequently amended the complaint to add a cause of action against Aydelott for malicious

arrest. Appellees filed a motion for summary judgment,[2] to which McKissick responded. The trial court held a hearing on the motion and granted it. In its order, the trial court concluded that "in accordance with the finding of the Magistrate Court, . . . there was probable cause, which is an absolute defense to Plaintiff's claim for malicious prosecution."

1. McKissick argues that the trial court erred in granting summary judgment on his malicious prosecution claim because he was arrested without probable cause. We find that questions of fact remain on this issue.

> In order to state a claim for malicious prosecution in Georgia, a plaintiff must show (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. The requisite malice may be inferred from a total lack of probable cause. Thus, the gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution.[3]

"The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court."[4]

> Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, that the person charged was guilty of the crime for which he was prosecuted. The belief must be supported by appearances known to the defendant at the time he initiates the prosecution, and the appearances must be such as to lead a reasonable man to set the criminal proceeding in motion.[5]

Conversely, there is a lack of probable cause "when the circum-

---

[2] SOA was dropped as a party before the motion was filed but was nonetheless listed as a defendant in the motion.

[3] (Citations and punctuation omitted.) *Barnette v. Coastal Hematology &c.*, 294 Ga. App. 733, 735-736 (670 SE2d 217) (2008).

[4] (Citations and punctuation omitted.) *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (2) (b) (282 SE2d 393) (1981). Accord *Gooch v. Tudor*, 296 Ga. App. 414, 418 (1) (c) (674 SE2d 331) (2009).

[5] (Citation and punctuation omitted.) *Gooch*, supra at 418-419 (1) (c). See also *Adams v. Carlisle*, 278 Ga. App. 777, 782 (1) (630 SE2d 529) (2006); *McNeely v. The Home Depot*, 275 Ga. App. 480, 482 (621 SE2d 473) (2005).

stances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."[6]

It follows that "[n]o probable cause exists if a defendant knew that the facts stated to the law enforcement official were false or if he failed to make a fair, full, and complete statement of the facts as they existed, or if he concealed facts. The defendant's belief then could not possibly be 'honest' or 'reasonable.' "[7] "The burden of proof to show lack of probable cause is on the plaintiff and there is nothing to send to the jury if the plaintiff does not raise some evidence creating an issue of fact as to each element of the tort."[8] McKissick raised evidence to send to the jury.

In opposition to appellees' motion for summary judgment, McKissick submitted affidavits from his father-in-law, Davis, and Gloria Allday, the owner of Allgood, both of whom averred that Aydelott knew that McKissick was not a licensed electrician and had worked out an arrangement for the work to be inspected by Davis. Davis further averred that Aydelott knew that the applicable state regulations permitted such an arrangement. Allday also averred that the arrangement was permissible. McKissick also submitted a work progress sheet for work ending on October 31, 2003, which was executed by McKissick, Davis, and Ben Allen, who signed as a representative of SOA.[9] Therefore, although Aydelott averred that he did not know that McKissick was not licensed when he hired him, the affidavits from McKissick, Davis, and Allday indicate otherwise.

This alleged act of deception was pivotal to McKissick's charge of theft by deception. This offense occurs when a person "obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property."[10] Aydelott's statement that McKissick misrepresented that he was a licensed electrician was the driving force behind Sendek's decision to prosecute McKissick. In the "probable cause" section of the application for the warrant, Sendek wrote as follows:

The accused did represent himself as an [e]lectrician, in his

---

[6] OCGA § 51-7-3. See also *Horne v. J. H. Harvey Co.*, 274 Ga. App. 444, 447 (617 SE2d 648) (2005).

[7] (Punctuation omitted.) *Horne*, supra at 448, citing *Willis v. Brassell*, 220 Ga. App. 348, 353 (4) (469 SE2d 733) (1996). See also *Melton*, supra at 822 (2) (a). Accord *Simmons v. Mableton Finance Co.*, 254 Ga. App. 363, 365 (2) (562 SE2d 794) (2002).

[8] (Emphasis omitted.) *Mohamud v. Wachovia Corp.*, 260 Ga. App. 612, 613-614 (580 SE2d 259) (2003), citing *Franklin v. Consolidated Govt. of Columbus, Ga.*, 236 Ga. App. 468, 470 (1) (512 SE2d 352) (1999).

[9] The work progress sheet was pre-printed with Aydelott's name as the company representative, but a mark was placed through Aydelott's name.

[10] See OCGA § 16-8-3 (a).

own company, Electrical Advantage, and was hired as a [s]ub-[c]ontractor to install [electrical] circuits at the [Project] between the dates of September, 2003 to December, 2004. The accused deceived the victim who had paid him over $16,000.00 in labor and material to complete the work. The victim then found that the accused is not a licensed [e]lectrician and the work was sub-standard and had to be redone.

Sendek's affidavit for the arrest warrant provided that it was based on the following facts:

Said accused did obtain property, to wit: more than $16,000.00 (for labor and materials), the property of Steve Aydelott/SOA Construction, by deceitful means, in that he did represent himself as a licensed electrician for Electrical Advantage (sub-contractor) and performed labor on improvements made at Perry High School to obtain said monies.

In its order granting summary judgment, the trial court relied on the magistrate's finding of probable cause, but "[t]he action of a magistrate in binding over the accused on a criminal warrant is prima facie, but not conclusive, evidence of probable cause for such prosecution."[11] "It may be rebutted by evidence from the accused showing lack of probable cause."[12] Because there is evidence that Aydelott knew his statement to the police was false, we cannot agree with the trial court's conclusion that as a matter of law, there was probable cause for McKissick's arrest.[13] Additionally, "[m]alice may be inferred where the defendant makes a false statement to police for the purpose of achieving some personal goal, such as revenge or the collection of a debt."[14] In the instant case, a jury could infer that Aydelott was retaliating against McKissick because McKissick filed a civil action against him to collect a debt. Therefore, evidence exists that creates a genuine issue of fact as to the malice element of the malicious prosecution claim as well.

---

[11] (Citations and punctuation omitted.) *Monroe v. Sigler*, 256 Ga. 759, 760 (3) (353 SE2d 23) (1987).

[12] (Footnote omitted.) *Condon v. Vickery*, 272 Ga. App. 381, 382 (612 SE2d 574) (2005).

[13] See id. (genuine issue of material fact existed as to probable cause where evidence presented rebutting it). Compare *Thompson v. Howard Bros.*, 289 Ga. App. 273, 275 (657 SE2d 4) (2008) (grant of summary judgment affirmed where appellant provided no evidence to create a jury issue on elements of lack of probable cause and malice).

[14] (Citation and footnote omitted.) *Gooch*, supra at 417 (1) (b).

2. Appellees also moved for summary judgment on the claim of malicious arrest.

> An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested. An aggrieved plaintiff must prove three elements in a false arrest claim: an arrest under the process of law, without probable cause and made maliciously. To make out a claim of false arrest under OCGA § 51-7-1 or malicious prosecution under OCGA § 51-7-40, the plaintiff must show both the presence of malice and the absence of probable cause.[15]

> The "malice" contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and may consist in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual.[16]

The trial court appears to have granted the motion for summary judgment in full but did not mention specifically the malicious arrest claim. Nonetheless, since a genuine issue of fact remains as to the element of malice, we reverse on this claim as well.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 20, 2009.

*Waymon S. Harrell*, for appellant.
*Stephen N. Hollomon*, for appellees.

---

[15] (Citations and punctuation omitted.) *Simmons*, supra at 365 (2).
[16] (Citation and punctuation omitted.) *Melton*, supra at 824 (2) (c).